IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Marcus Lajuan Blakely, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 6:17-750-BHH |
| v. | ) | |
| | ) | |
| Greer Police Department, | ) | **ORDER** |
| Officer Joseph Hayden, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon Plaintiff Marcus Lajuan Blakely's ("Plaintiff") pro se complaint, which was filed on March 17, 2017, pursuant to 42 U.S.C. § 1983. Plaintiff currently is a pre-trial detainee at the Spartanburg County Detention Center. In his complaint Plaintiff alleges violations of his Fourth, Fifth, and Ninth Amendment rights stemming from his arrest for second degree harassment, threatening the life of a public official, and second degree criminal domestic violence. He claims, among other things, that the officer's body camera was off, and he seeks both damages and to have his criminal charges dismissed or expunged.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On March 31, 2017, Magistrate Judge Kevin F. McDonald issued a report and recommendation ("Report") outlining Plaintiff's complaint and recommending that the Court dismiss the action without prejudice. Specifically, the Magistrate Judge determined that Defendant Greer Police Department is not a "person" amenable to suit under § 1983, and that, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), the Court should abstain from

interfering with Plaintiff's pending state criminal charges.

Plaintiff filed written objections to the Magistrate Judge's Report on April 10, 2017. In his objections Plaintiff admits that he erred in naming the Greer Police Department as a Defendant; however, nowhere does he actually respond to the Magistrate Judge's finding that the Court should abstain from interfering with his pending state criminal charges. Instead, Plaintiff reiterates his claim that the officer's body camera was off and asserts that he was wrongly arrested.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After review, the Court finds that the Magistrate Judge correctly summarized the facts and applied the appropriate legal standards. First, the Court agrees with the Magistrate Judge that Defendant Greer Police Department is not a "person" amenable to suit under 42 U.S.C. § 1983. Next, the Court also agrees with the Magistrate Judge that

abstention pursuant to *Younger* and its progeny is appropriate under the circumstances. As the Magistrate Judge noted, "[i]n *Younger* and its progeny, the Supreme Court generally [ ] found abstention appropriate if the following three-pronged test has been met: 1) there are ongoing state judicial proceedings; 2) the proceedings implicate important state interests; and 3) there is an adequate opportunity to raise federal claims in those proceedings." *Martin Marietta Corp. v. Maryland Com'n on Human Relations*, 38 F.3d 1392, 1396 (4 th Cir. 1994) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Here, Plaintiff is involved in ongoing state criminal proceedings; the state has an important interest in administering its criminal justice system; and Plaintiff may raise any violations of his federal constitutional rights in the pending state proceedings.

Based on the foregoing, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 9); overrules Plaintiff's objections (ECF No. 12); and dismisses this action without prejudice.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

May 30, 2017
Charleston, South Carolina

3